IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

AMANDA PAUL

    Petitioner,

v.                                         Case No. 4:23-cv-284/AW/MAL

WARDEN GABBY,
F.C.I. TALLAHASSEE

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Amanda Paul initiated this case by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 seeking jail time credit and sentencing credit to which she believes she is entitled under the First Step Act (FSA). ECF No. 1. This case is before the court on the Warden's response in opposition to the § 2241 petition. ECF No. 7. Paul did not file a reply, despite having been afforded the opportunity to do so. After careful consideration of the petition, the Warden's response, and relevant law, I recommend the § 2241 petition be denied because Paul did not exhaust her administrative remedies before filing her petition.

**I.  BACKGROUND**

In December of 2021, Petitioner Paul was sentenced in the Middle District of Florida Case 6:21cr116-PG-G to a term of 130 months' imprisonment followed by

five years of supervised release after pleading guilty to possession with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). She is currently in custody at the Federal Correctional Institution in Tallahassee, Florida with a projected release date of October 3, 2030. *See* https://www.bop.gov/inmateloc/.

## II.  DISCUSSION

In her petition, dated June 25, 2023, Paul raises two grounds for relief. First, she claims the Bureau of Prisons (BOP) has failed to give her credit for time she spent in jail from August 19, 2021, through January of 2022. ECF No. 1 at 3. Second, she claims she has been improperly denied credits under the First Step Act. *Id.* She asserts that although she has a high or medium pattern score she is entitled to the credits because she is working and programming. *Id.* In response to the questions about exhaustion of administrative remedies, as to each ground for relief she states that her request for administrative remedy was denied by Warden Gabby on March 22, 2023, and there was no response to her BP-10. *Id.* at 3-4.

In his response the Warden contends the petition is subject to dismissal because Paul did not properly exhaust her administrative remedies. ECF No. 7. Paul has presented nothing to rebut the Warden's response.

### A. Exhaustion is required before filing a § 2241 petition.

Prisoners are required to exhaust their administrative remedies before filing a § 2241 petition. *Santiago-Lugo v. Warden*, 785 F.3d 467, 471, 474-75 (11th Cir. 2015). Failure to exhaust is not a jurisdictional defect; rather, it is a defense that a respondent may assert, or choose to waive. *Id*. Respondent has not waived the defense in this case.

The BOP has the exclusive authority to compute sentence credit awards after sentencing. *Rodriguez v. Lamer*, 60 F.3d 745, 747 (11th Cir. 1995). As with other § 2241 claims, an inmate who wishes to challenge the BOP's sentencing credit calculations "must typically exhaust his or her administrative remedies with the BOP" before filing a § 2241 petition. *Id*; *see also Jaimes v. United States*, 168 F. App'x 356, 358-59 (11th Cir. 2006) (affirming dismissal of § 2241 petition for failure to exhaust because inmate sought to challenge the computation of sentence credits without first going through the BOP's administrative remedy procedure); *see also Rey v. Warden, FCC Coleman-Low*, 359 F. App'x 88, 91 (11th Cir. 2009) (affirming denial of § 2241 challenging the BOP's calculation of credit for time served because petitioner failed to exhaust administrative remedies).

To properly exhaust administrative remedies, an inmate must comply with the prison's deadlines and procedural rules. *Blevins v. FCI Hazelton Warden,* 819 F.

App'x 853, 856 (11th Cir. 2020); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). To that end, the BOP has an administrative remedy procedure that allows an inmate to raise issues related to any aspect of imprisonment. 28 C.F.R. § 542.10 *et seq*. The BOP's administrative remedy procedure is a multi-tier system. *See* 28 C.F.R. §§ 542.10-542.19. Before seeking formal review, an inmate generally must first attempt to resolve the matter informally by presenting her complaint to staff on a form commonly referred to as a BP-8. 28 C.F.R. § 542.13(a). If informal resolution is unsuccessful, the inmate may then initiate the formal review process.

The full, formal BOP administrative remedy procedure has three steps. First, the inmate must file a Request for Administrative Remedy, commonly referred to as a BP-9, with the warden of the facility. 28 C.F.R. § 542.14; *see also Forde v. Miami Fed. Dep't of Corr.*, 730 F. App'x 794, 798 (11th Cir. 2018) (citing Federal Bureau of Prisons Inmate Admission & Orientation Handbook at 41; 28 C.F.R. § 542.14(a)-542.15(a)). The deadline for completion of the BP-8 and submission of the BP-9 is twenty days from the date of the incident leading to the grievance, although an extension may be granted if the inmate demonstrates a valid reason for delay. *Id*. If the inmate is dissatisfied with the warden's response to the grievance, the inmate may appeal to the Regional Director by filing a Regional Administrative Remedy Appeal or BP-10. 28 C.F.R. § 542.15(a). This appeal must be filed within twenty

days of the warden's response to the grievance. *Id*. Finally, if the inmate is dissatisfied with the Regional Director's response, the inmate may appeal to the BOP's Central Office by filing a Central Office Administrative Remedy Appeal, or BP-11. 28 C.F.R. § 542.15(a). This appeal must be filed within thirty days of the Regional Director's response. *Id*. The appeal to the Central Office is the final administrative level of appeal in the BOP. To fully exhaust, an inmate must properly complete each step of the BOP administrative remedy process. *Woodford v. Ngo*, 548 U.S. 81 (2006); *Bryant v. Rich*, 530 F.3d 1368, 1378 (11th Cir. 2008) (citation omitted); *Blevins*, 819 F. App'x at 856. If the inmate does not receive a response within the time allotted for reply at any level, including extension, the inmate may consider the absence of a response to be a denial at that level. 28 C.F.R. § 542.18.

The BOP uses a computerized system known as SENTRY to log and track inmate grievances as they progress through the administrative remedy process. *See* ECF No. 7-6 at ¶ 6. Remedies filed at the institutional level are given an identifying number and the suffix "- F." *Id*. Appeals of an administrative remedy maintain the same identifying number but receive the suffix "-R" (for BP-10s filed at the Regional Office) or "-A" (for BP-11s filed with the Central Office.) *Id.* If a remedy is rejected, it is returned to the inmate and the inmate is provided with a written notice explaining the reason for the rejection. 28 C.F.R. § 542.17(b).

**B. Paul has not exhausted her administrative remedies.**

The Respondent Warden has presented uncontroverted evidence, in the form of a declaration signed by Megan G. Marlow, Attorney Advisor at FCI Tallahassee, and attachments thereto, that Paul has not properly exhausted her administrative remedies as to either of her claims. ECF No. 7-6.

Marlow states in her declaration dated August 29, 2023, that her review of the SENTRY database reflects Paul has filed two remedies seeking FSA time credits and two remedies regarding her sentence computation. Paul's remedy 1155228-F1 to the Warden regarding her FSA credits was denied. ECF No. 7-4 at 1, 3. Paul then attempted to file an appeal to the Regional Office on May 1, 2023, but remedy 1155228-R1 was rejected on June 20, 2023, because she did not attach the appropriate number of continuation pages. ECF No. 7-2 at 3. Although Paul was instructed to resubmit her remedy request, she did not. ECF No. 7-6 at 3.

Similarly, the Warden denied Paul's remedy regarding her sentence computation, ECF No. 7-5 at 1, 3, and her appeal to the Regional Office was rejected. ECF No. 7-2 at 3. Again, she was instructed to resubmit her remedy request, but she did not. ECF No. 7-6 at 3.

Therefore, because Paul did not properly complete all levels of the BOP's administrative remedy process before filing for habeas relief and the Warden has not

waived the defense of exhaustion, her petition is subject to dismissal on that basis.

Accordingly, it is respectfully RECOMMENDED:

1. Paul's petition under 28 U.S.C. § 2241 (ECF No. 1) be DISMISSED without prejudice.

2. The clerk be directed to close the case file.

At Gainesville, Florida on August 14, 2024.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.